**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

<table>
<tr><td>

FRANK J. VENTIMIGLIA,

            Plaintiff-Appellant,

v.

MARTIN J. O'MALLEY, Commissioner
of Social Security,

            Defendant-Appellee.

</td><td>

No.    23-35490

D.C. No. 1:22-cv-00084-TJC

MEMORANDUM[*]

</td></tr>
</table>

Appeal from the United States District Court
for the District of Montana
Timothy J. Cavan, Magistrate Judge, Presiding

Submitted June 4, 2024[**]
Portland, Oregon

Before: RAWLINSON, FORREST, and SUNG, Circuit Judges.

Frank Ventimiglia (Ventimiglia) appeals the district court's order affirming

the denial of social security benefits by an Administrative Law Judge (ALJ). We

have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

"We review the district court's order affirming the ALJ's denial of social security benefits de novo, and will disturb the denial of benefits only if the decision contains legal error or is not supported by substantial evidence. . . ." *Ford v. Saul*, 950 F.3d 1141, 1153-54 (9th Cir. 2020) (citation and internal quotation marks omitted).

Substantial evidence supports the ALJ's finding at Step Five of the analysis that Ventimiglia's subjective complaints of severe pain and extreme limitations in the "use of his upper extremities" were inconsistent with the medical record.[1] The ALJ explained that Ventimiglia's shoulder and neck symptoms improved with medical treatments—including injections, physical therapy, and cervical surgery. *See Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022) ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony. . . .") (citation omitted).

The ALJ's conclusion that Ventimiglia's medical appointments did not preclude him from working is also supported by substantial evidence. Ventimiglia failed to present evidence that his medical appointments would prevent him from working because he could not, for example, schedule appointments around work

---

[1] The ALJ also sufficiently considered the impact of Ventimiglia's headaches, which Ventimiglia testified were connected to his neck pain.

hours. *See Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. § 404.1502(a) ("[W]e must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record. . . .") (citation omitted).

The ALJ's finding at Step Five that a significant number of other jobs exist in the national economy that Ventimiglia can perform is supported by substantial evidence. The ALJ was not required to present all of Ventimiglia's subjective complaints about pain or his limitations due to medical appointments to the vocational expert (VE) given the ALJ's weighing of this evidence. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005) (explaining that the "ALJ's reliance on testimony the VE gave in response to the hypothetical . . . was proper" because "[t]he hypothetical that the ALJ posed to the VE contained all of the limitations that the ALJ found credible and supported by substantial evidence in the record").

We do not reach the issue of the validity of the ALJ's decision at Step Four given that the finding at Step Five was not erroneous. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1044 (9th Cir. 2008) ("[A]lthough the ALJ erred at step four in finding that Tommasetti could perform his past work, this error was harmless because the ALJ properly concluded as an alternative at step five that he could

perform work in the national and regional economies as a semiconductor assembler.").

**AFFIRMED.**